## Case No. 3,976.

### DOLTON v. NELSON et al.

[3 Dill. 469.][1]

Circuit Court, D. Iowa. 1873.

ADMINISTRATOR'S SALE—NOTICE—JURISDICTION—ORIGINAL AND AUXILIARY ADMINISTRATION.

1. The provision in the statutes of Iowa that "administration shall not be originally granted after the lapse of five years from the death of the decedent," etc., does not apply to an administration which is merely auxiliary to one originally granted in another state, and hence such administration may legally be granted and an administrator appointed after the lapse of five years.

[Cited in Miller v. Sullivan, Case No. 9,592.]

2. Under the circumstances, a sale of real property by an administrator was *held* valid upon notice of the petition to sell, served upon the widow and heir of the intestate, although they had before that time, but after the appointment of the administrator for the purpose of having the land subjected to the payment of debts, conveyed the lands to a third person, who was not notified of the petition of the administrator to sell.

3. Whether notice to the heir or his grantee of an administrator's petition to sell real estate of the intestate is in any case jurisdictional and essential to the validity of an administrator's sale in Iowa, quaere. See Good v. Norley, 28 Iowa, 188, and cases cited.

[This is a bill in equity by Samuel Dolton against L. B. Nelson and Thomas A. Graham.] On final hearing on bill, answer, cross-bill, and proofs. The bill was brought to quiet title. No question arose concerning the frame of the bill or the equity jurisdiction.

Brown & Campbell, for plaintiff.
James T. Lane, for defendant.

MILLER, Circuit Justice. Two questions are presented by this record. neither of which is free from difficulty, and both dependent upon the construction of Iowa statutes on points which have not been decided by the supreme court of the state.

I. Both the parties claim under Pendergrast. who died the owner of the land, and intestate, domiciled at the time in the state of New York. Plaintiff claims by conveyances from his heirs, and defendant, Nelson, by purchase at an administrator's sale. If this latter was valid, then defendant must succeed, but it is charged that the grant of administration was void under section 2357 of the Iowa Revision of 1860, and that if this point be not sound the sale was void for want of notice of the application to sell. That section, which was also a part of the Code of 1851, enacts that "administration shall not be originally granted after the lapse of five years from the death of decedent, or from the time his death was known, in case he died out of the state." Pendergrast, the intestate. died in the state of New York, on the 9th day of March, 1863. Administration was duly taken out in that state shortly after and on the 18th day of May, 1868, a petition was filed in Tama county, Iowa, for the appointment of an administrator here, and Graham was appointed on the 28th of that month. It will thus be seen that more than five years had elapsed from the death of decedent in New York before any movement was made to appoint an administrator in Iowa. But it is claimed that the administration in the state of New York was the original one and that the Iowa administration was auxiliary to it and is not original within the meaning of the statute. This view receives support from other parts of the same chapter, on the estate of decedents, in which it is provided that where an administrator has been appointed in another state, where the decedent resided, such administrator may be appointed on his own application in Iowa, but in order that this may be done section 2342 requires that "the original letters testamentary or of administration, or an attested copy thereof," must be filed in the office of the probate court here. We have here in the same statute, only a few sections apart, the only other use of the word "original," as applied to letters of administration.

The case before us comes very nearly within the precise terms of the section last cited, for though Graham, the administrator in Iowa. was not the person who was administrator in New York, he was appointed at the request and on the petition, in writing, of the New York administrator, setting out that there were assets in Iowa, necessary to pay the debts of the decedent, those in New York being exhausted. I am therefore of opinion that the appointment of Graham was not an original administration, and that it was a valid appointment.

II. The question of notice raised by plaintiff is based upon the fact that on the 5th day of March, 1869, the heirs of Pendergrast sold and conveyed the land to Maunsell F. Miller, who afterwards sold and conveyed to plaintiff, and that the petition to the county court for the sale of the land was filed on the 12th of March, some days after that sale. And the only notice of the application to sell was served on the widow and daughter, the heirs aforesaid of the said Pendergrast, a few weeks later; the said Miller, who then had the legal title, not being served at any time.

A question somewhat similar to this came before the supreme court of Iowa, in Good v. Norley, 28 Iowa, 188, in which the judges of that court were equally divided. The question there was, whether a sale was void where no notice had been served on the infant heir, but for whom a guardian ad litem had been appointed and appeared, and the question arose between the purchaser, at the administrator's sale, and this minor heir. I think that whatever may be the rule in such cases, that when a party in good faith and for value without notice of any debt or proceeding to subject the land to its payment, buys of the heirs, an administrator's sale

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

without any notice of the proceedings to such a party, presents a stronger case for denying its validity than in case of the heir. The latter takes ex gratia, pays nothing, parts with nothing and by the law of the land inherits subject to the payment of debts. The other parts with his money for a title which is certainly in the heir, and which seems to be clear and valid if he has no notice, actual or constructive. I should feel strongly inclined in such a case to protect the purchaser, as the holder of the better title. But that is not this case. Mrs. Pendergrast was one of the administrators in New York, and joined in the application to have Graham appointed auxiliary administrator in Iowa. In the petition for his appointment, filed on the 18th day of March, 1868, it is alleged that all the assets in New York had been exhausted, that the decedent died owning lands in Tama and other counties in Iowa and prayed for the appointment of an administrator, and that those lands might be subjected to the payment of debts yet unsatisfied. This was a public record, part of the proceeding, by which the land was finally subjected to sale, and I think Miller was bound to take notice of it when he took his deed, knowing as he did that his vendors held as heirs to Pendergrast and that the law made the title in their hands liable by a proper proceeding to the debts of the decedent. It was not requiring too much of him to ascertain if there was any administration in the county where the lands lay, and if so, were there any debts unpaid, or any steps taken to subject the lands to such debts. If he had made this inquiry at the proper place he would have seen that there were debts unpaid and that for the very purpose of subjecting these lands to their payment an administrator had been appointed nine months before. When we reflect that the deed to Miller was dated on the 8th of March, 1869, that the petition for the sale of the lands was filed four days thereafter, that Mrs. Pendergrast must have known of the intended application to sell, we must believe that the purpose was to defeat the sale or render it invalid, and this, coupled with Miller's carelessness about the record in Iowa, goes far to prove that he knew of this purpose and was willing to aid in it. Under these circumstances I do not think he was entitled to be served with notice of the petition to sell, and that the notice having been served on the party who might well be presumed to have the title, the sale is valid against Miller, who was not a purchaser without notice in the proper sense of that term.

The plaintiff's bill must be dismissed with costs, and defendant's title quieted and confirmed on his cross-bill. Decree accordingly.

NOTE. An appeal was prayed and allowed. [There appears to be no report on appeal.] As to validity of administrator's sales: Cornett v. Williams (Sup. Ct. U. S. Oct. term, 1873) 20 Wall. [87 U. S.] 226.

DOMAN (UNITED STATES v.). See Case No. 14,980.

DOMESTIC SEWING-MACH. CO. (SPRING v.). See Case No. 13,258.

DOMINGO, The (GOODRICH v.). See Case No. 5,543.

DOMINGUEZ (GRAHAM v.). See Case No. 5,664.